UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARIO BUCKNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:09 CR 632 RWS |
| | ) |
| UNITED STATES OF AMERICA, | ) Civil Case No. 4:16CV945 RWS |
| | ) |
| Respondent. | ) |

**MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

Petitioner, Mario Buckner, through undersigned counsel, Brocca L. Morrison, Assistant Federal Public Defender, hereby files a motion to set aside the judgment in this case and correct his sentence pursuant to 28 U.S.C. § 2255.

**I.     Background**

Petitioner is a federal prisoner, Reg. No. 23164-076, currently incarcerated at Florence High, Federal Correctional Institution in Florence, Colorado 81226.  On November 18, 2009, Mr. Buckner pled guilty to a one-count indictment, which charged him with bank robbery, in violation of 18 U.S.C. § 2113(a). On April 7, 2010, this Court sentenced Mr. Buckner to a term of 107 months imprisonment after finding that he was a career offender under U.S.S.G. § 4B1.1(a).[1] The Court found Mr. Buckner to be a career offender after adopting the finding of the presentence report that his instant offense was a "crime of violence" and that he had at least two qualifying prior convictions that supported the career offender enhancement.[2]   Specifically, the Court found that Mr. Buckner had convictions for robbery 2nd degree and burglary 2nd degree that qualified as "crimes of violence."

---

[1]  *See* Presentence Investigation Report (PSR) at ¶ 24.
[2]  *See* PSR at ¶ 24.

## II. Issue Presented: Mr. Buckner's Sentence Violates Due Process Under *Johnson v. United States*

In light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), a prior conviction under Mo. Rev. Stat. § 569.030 for robbery 2nd degree no longer qualifies as a career offender "crime of violence."[3]

In *Johnson,* the Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. 135 S. Ct. at 2557. It follows from *Johnson* that the identical residual clause in the career offender provision (U.S.S.G. § 4B1.2(a)(2)) is also void for vagueness. The crime of robbery second degree is described in § 569.030 RSMo which provides: "A person commits the crime of robbery in the second degree when he forcibly steals property." "Forcibly steals" is defined in § 569.010 RSMo which provides: "a person 'forcibly steals,' and thereby commits robbery when, in the course of stealing, as defined in section 570.030, he uses or threatens the immediate use of physical force upon another person for the purpose of: (a) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or (b) compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft."

Robbery second degree is not one of the offenses enumerated in 18 U.S.C. § 924(e)(1)(B)(ii). Therefore, to qualify as a crime of violence, it must fall within §

---

[3] Under the career offender provision, an offense qualifies as a "crime of violence" if it is "punishable by imprisonment for a term exceeding one year" and it

   (1)    has an element the use, attempted use, or threatened use of physical force against the person of another; [known as the force clause] or
   (2)    is burglary of a dwelling, arson, or extortion, involves use of explosives [known as the enumerated offenses clause], *or otherwise involves conduct that presents a serious potential risk of physical injury to another* [known as the residual clause.]

U.S.S.G. § 4B1.2(a) (emphasis added).

924(e)(1)(B)(i), known as the "force clause" and have as an element the use, attempted use or threatened use of physical force against the person of another. In identifying the elements of a state statute, a court considers the language of the statute *and* State judicial opinions interpreting it. *Johnson*, at 138.   Missouri courts have construed the element of force in a robbery second degree is met when a defendant walks into a bank, puts a forearm on the counter, hands the teller a plastic sack, directs the teller to do him a favor and put money in the bag, directs an assistant manager to stay where she was and not move further, and then flees with the money. *State v. Coleman*, 463 S.W.3d 353, 354-55 (Mo. Ct App. 2015). Missouri courts have affirmed robbery second convictions arising out of encounters with only slight contact between defendant and victim. A slight bump that one witness characterized as a nudge and a purse snatching was sufficient for the court to find that the facts satisfied the forcible stealing element of robbery second degree. *See State v. Lewis*, 466 S.W. 3d 629, 631, 633 (Mo. Ct. App. 2015); *see also State v. Scoby*, 719 S.W.2d 916, 917 (Mo. Ct. App. 1986) (when fleeing a store after shoplifting, pushing a security guard out of the way who then fell and cut a finger is sufficient force for a robbery second conviction). However reprehensible these forms of force are, they fall far short of the type of violence involved in "murder, forcible rape, and assault and battery with a dangerous weapon." *Johnson* at 141 – 42.

### III. Johnson Applies to the Residual Clause of the Career Offender Guideline

*Johnson* applies to § 4B1.2(a)(2)'s residual clause. The career offender guideline's residual clause—"or otherwise involves conduct that presents a serious potential risk of physical injury to another," USSG § 4B1.2(a)(2)—repeats the ACCA's residual clause verbatim. Because § 4B1.2(a)(2)'s residual clause is identical to the ACCA's residual clause, the Eighth Circuit (and every other circuit) interprets the clauses identically. *United States v. Boose*, 739

3

F.3d 1185, 1187 n.1 (8th Cir. 2014) ("[W]e construe 'violent felony' under [the ACCA] and 'crime of violence' under the Guidelines as interchangeable, including the corresponding . . . residual clauses.").[4]

Because § 4B1.2(a)'s residual clause and the ACCA's residual clause are identically worded and identically interpreted, *Johnson*'s declaration that the ACCA's residual clause is void for vagueness applies equally to § 4B1.2(a)'s residual clause.  Indeed, the Court in *Johnson* relied on several decisions involving § 4B1.2(a)(2)'s residual clause to demonstrate that it "has proved nearly impossible" to "mak[e] sense of the residual clause."  *See* 135 S. Ct. at 2559-60 (citing *United States v. Carthorne*, 726 F.3d 503 (4th Cir. 2013); *United States v. Whitson*, 597 F.3d 1218 (11th Cir. 2010); *United States v. McDonald*, 592 F.3d 808 (7th Cir. 2010); *United States v. Williams*, 559 F.3d 1143 (10th Cir. 2009)).  And the Court vacated and remanded nine lowr court decisions in which defendants had been sentenced under § 4B1.2(a)'s residual clause, including four cases on collateral review, in light of *Johnson*.[5]

The Sixth Circuit has squarely ruled that career offenders are "entitled to the same relief as offenders sentenced under the residual clause of the ACCA" because the residual clauses are "identically worded" and "interpreted . . . identically," and "[f]ollowing *Johnson*," the Supreme Court vacated the sentences of offenders who were sentenced under the guideline's residual

---

[4] *See also United States v. Willings*, 588 F.3d 56, 58 n.2 (1st Cir. 2009); *United States v. Mead*, 773 F.3d 429, 432 (2d Cir. 2014) ; *United States v. Jones*, 740 F.3d 127, 133 n.1 (3d Cir. 2014);   *United States v. Vann*, 660 F.3d 771, 773 n.2 (4th Cir. 2011) (en banc); *United States v. Jarmon*, 596 F.3d 228, 231 n.* (4th Cir. 2010) ; *United States v. Moore*, 635 F.3d 774 (5th Cir. 2011); *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013);   *United States v. Womack*, 610 F.3d 427, 433 (7th Cir. 2010); *United States v. Coronado*, 603 F.3d 706, 709 (9th Cir. 2010);   *United States v. Wray*, 776 F.3d 1182, 1184-85 (10th Cir. 2015); *United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010)*; In re Sealed Case*, 548 F.3d 1085, 1089 (D.C. Cir. 2008).

[5] The GVRs included seven career offender cases, *see Vinales v. United States*, 135 S. Ct. 2928 (2015); *Denson v. United States*, 135 S. Ct. 2931 (2015) (28 U.S.C. § 2255 motion); *Beckles v. United States*, 135 S. Ct. 2928 (2015) (28 U.S.C. § 2255 motion); *Maldonado v. United States*, 135 S. Ct. 2929 (2015); *Smith v. United States*, 135 S. Ct. 2930 (2015); *Wynn v. United States*, 135 S. Ct. 2945 (2015) (28 U.S.C. § 2255 motion); *Jones v. United States*, 135 S. Ct. 2944 (2015) (28 U.S.C. § 2255 motion); one § 2K2.1 case, *Talmore v. United States*, 135 S. Ct. 2937 (2015), and one § 7B1.1 case, *Cooper v. United States*, 135 S. Ct. 2938 (2015).

clause, including "a Sixth Circuit order, which denied habeas relief based on a predicate offense qualifying under the residual clause of the career offender enhancement." *United States v. Harbin*, 610 F. App'x 562, 563 (6th Cir. July 6, 2015) (unpub.); *see also United States v. Darden*, 605 F. App'x 545, 546 (6th Cir. July 6, 2015) (unpub.) (career offender "deserve[d] the same relief as Johnson: the vacating of his sentence" because the residual clauses "were identically worded" and "interpreted," and "after *Johnson*, the Supreme Court vacated the sentences of offenders who were sentenced under the Guidelines' residual clause"). The Sixth Circuit has since recognized that after *Johnson*, an offense qualifies as a "crime of violence" only if it satisfies § 4B1.2(a)(2)'s elements clause or enumerated offense clause. *See United States v. Collins*, ___ F.3d ___, 2015 WL4997453, at *32 (6th Cir. Aug. 24, 2015). Other circuits have signaled agreement. *See United States v. Goodwin*, __ F. App'x __, 2015 WL 5167789, at *3 & n.3 (finding district court plainly erred in relying on § 4B1.2(a)(2)'s residual clause to enhance defendant's sentence because it is "essentially identical" to the ACCA's residual clause "declared void for vagueness in *Johnson*," while noting that it "arguably [has] assumed that the vagueness doctrine applies … to the Guidelines" but declining to resolve matter in this case); Order, *United States v. Talmore*, No. 13-10650 (9th Cir. Aug. 24, 2015) (vacating appellant's sentence and remanding for resentencing "[i]n light of the government's concession . . . that *Johnson* . . . applies to the U.S. Sentencing Guidelines").

Although the Eighth Circuit has stated that the Guidelines are not susceptible to a vagueness attack (*see United States v. Wivell*, 893 F.2d 156, 159 (8th Cir. 1990)), the Eighth Circuit should overrule *Wivell*, and this Court should not rely on that case. First, the court in *Wivell* mistakenly believed that the vagueness doctrine was limited to liability, not sentencing, and it therefore did not apply to the Guidelines. Even if prior Supreme Court decisions could be

5

interpreted as limiting vagueness to liability, *Johnson* makes clear that such an interpretation is no longer supportable, for *Johnson*'s holding depended on its recognition that vagueness "principles apply not only to statutes defining elements of crimes, but also to statutes fixing sentences." 135 S.Ct. at 2557 (citing *United States v. Batchelder*, 442 U.S. 114, 123 (1979)).

The government has also taken the position that *Wivell* should not be relied upon because it predated *Johnson*. *See United States v. Matchett*, No. 14-10396 (11th Cir. Aug. 27, 2015), Gov't Supp. Brief at 2-3 ("[T]he position of the United States is that [*Wivell* and like cases] should no longer be relied upon because they predated the decision in *Johnson*."); *United States v. Madrid,* Gov't Supp. Brief, 2015 WL 4985890 at 10 (10th Cir. Aug. 20, 2015) ("*Johnson* rejected that approach").

The Department of Justice agrees as well. In a brief filed by the Criminal Division of the Appellate Section of the Department of Justice, the Government conceded that *Johnson*'s constitutional holding regarding the ACCA's residual clause applies to the residual clause of the career offender guideline, § 4B1.2(a)(2), and to the other guidelines that incorporate that residual clause as well.[6] United States Attorney's Offices across the country have followed suit.[7]

---

[6] *See* Supp. Br. for United States at 6-10, *United States v. Pagan-Soto*, No. 13-2243, 2015 WL 4872453 (1st Cir. Aug. 11, 2015).   In addition to the career offender guideline, the Department of Justice concedes that *Johnson* applies to USSG §§ 2K1.3 & cmt. n.2 (explosive materials); 2K2.1 & cmt. n.1 (firearms); 2S1.1 & cmt. n.1 (money laundering); 4A1.1(e), 4A1.2(p) (criminal history); 5K2.17 & cmt. n.1 (departure for semi-automatic firearms); and 7B1.1(a)(1) & cmt. n.2 (probation and supervised release).   *Id*. at 6.

[7] *See* Letter Br. for United States, *United States v. Zhang*, No. 13-3410 (2d Cir. Aug. 13, 2015); Supp. Br. for United States, *United States v. Talmore*, No. 13-10650, 2015 WL 5076250 (9th Cir. Aug. 17, 2015); Supp. Letter Br. the United States at 2-4, *United States v. Lee*, No. 13-10507 (9th Cir. Aug. 17, 2015); United States Supp. 28(j) Auth., *United States v. Smith*, No. 14-2216 (10th Cir. Aug. 20, 2015); Appellee's Supp. Br. at 3-10, *United States v. Madrid*, No. 14-2159, 2015 WL 4985890 (10th Cir. Aug. 20, 2015); Supp. Br. for Plaintiff-Appellee United States at 4-8, *United States v. Grayer*, No. 14-6294, 2015 WL 4999426 (6th Cir. Aug. 20, 2015); United States' Supp. Br. at 7-9, *United States v. Goodwin*, No. 13-1466, 2015 WL 4999435 (10th Cir. Aug. 21, 2015); Supp. Letter Br. for United States, *United States v. Matchett*, No. 14-10396 (11th Cir. Aug. 27, 2015); Supp. Letter Br. for United States, *United States v. Townsend*, No. 14-3652, 2015 WL 5112425 (3d Cir. Aug. 28, 2015); Br. of Plaintiff-Appellee at 8-14, *United States v. Gillespie*, No. 15-1686 (7th Cir. Sept. 14, 2015).

The Sentencing Commission also recognizes that *Johnson* has rendered § 4B1.2(a)(2)'s residual clause void.[8] Because "the statutory language the Court found unconstitutionally vague" in *Johnson* is "identical" to the career offender guideline's residual clause, the Commission proposes to "delete the residual clause" in order "to make the guideline consistent with *Johnson*."[9]

### IV. Mr. Buckner is entitled to relief under 28 U.S.C. § 2255 because his constitutional claim under *Johnson* is cognizable, the rule announced in *Johnson* is retroactive, and his claim is timely.

#### A. Mr. Buckner's claim is cognizable under § 2255(a).

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution." 28 U.S.C. § 2255(a).  Mr. Buckner's 107-month sentence was imposed in violation of the Constitution because it was predicated on the residual clause, the residual clause is "unconstitutionally vague," and "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. As demonstrated above, *Johnson*'s constitutional holding regarding ACCA's residual clause applies to the identically worded residual clause in USSG § 4B1.2(a). Thus, Mr. Smith's claim for relief is cognizable under the plain language of § 2255(a).

---

8  As the Commission previously explained, the definition of "crime of violence" in the guideline was "derived from 18 U.S.C. § 924(e)," USSG, App. C, USSG, App. C, Amend. 268 (1989), was in "respon[se] to Congress's enactment of the Armed Career Criminal Act," and was "based on the definition of the term 'violent felony' in the ACCA." U.S. Sent'g Comm'n, *Report on the Continuing Impact of* United States v. Booker *on Federal Sentencing*, Pt. C (Career Offenders), at 4 (2012).

9  U.S. Sent'g Comm'n, *News Release:  U.S. Sentencing Commission Seeks Comment on Revisions to Definition of Crime of Violence* (Aug. 7, 2015); *see also* Notice of Proposed Amendments to the Sentencing Guidelines and Commentary at 6, 8-9,
http://www.ussc.gov/sites/default/files/pdf/amendment-process/federal-register-notices/20150811_FR_Proposed.pdf
. The Commission also proposes moving some of the offenses that it had included in the commentary as examples of offenses that satisfied the residual clause to the text of the guideline, and eliminating other such offenses altogether. *Id.*

Because Mr. Buckner's sentence was imposed "in violation of the Constitution," 28 U.S.C. § 2255(a), the "fundamental defect" standard applicable to ordinary claims of statutory error does not apply. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979) ("[U]nless the claim alleges a lack of jurisdiction or constitutional error, . . . an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'") (citations omitted); Order, *Brown v. United States*, No. 15-10025 (11th Cir. Sept. 2, 2015) (granting certificate of appealability because although a defendant's claim that he was misclassified as a career offender "is generally not cognizable" under *Spencer v. United States*, 773 F.3d 1132 (11th Cir. 2014) (en banc), "[u]nlike *Spencer*, *Johnson* involved a claim of constitutional error"); *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) ("[I]f the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'") (citations omitted); *Narvaez v. United States*, 674 F.3d 621, 623 (7th Cir. 2011) ("The term 'miscarriage of justice' comes from the Supreme Court's holding that a non-jurisdictional, non-constitutional error of law is not a basis for collateral attack under § 2255 unless the error is 'a fundamental defect which inherently results in a complete miscarriage of justice.'") (citations omitted).

      **B.**      **The rule announced in *Johnson* applies retroactively on collateral review.**

A Supreme Court decision applies retroactively to cases on collateral review if it announces a "new" rule that is "substantive." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). The rule announced in *Johnson* satisfies both requirements.

The rule announced in *Johnson* is "new" because the Court explicitly overruled its prior decisions in *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 131 S. Ct.

8

2267 (2011), which had affirmed sentences imposed under the residual clause and declined to find the clause unconstitutionally vague. *See* 135 S. Ct. at 2563 ("Our contrary holdings in James and Sykes are overruled."). "'The explicit overruling of an earlier holding no doubt creates a new rule.'" *Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (quoting *Saffle v. Parks*, 494 U.S. 484, 488 (1990)).

The rule announced in *Johnson* is "substantive" because it "narrow[s] the scope of a criminal statute by interpreting its terms," *Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004) (citing *Bousley v. United States*, 523 U.S. 614, 620-21 (1998), and it "alters the range of conduct or the class of persons that the law punishes," *Schriro*, 542 U.S. at 353 (citing *Bousley*, 523 U.S. at 620-21, and *Saffle*, 494 U.S. at 495). The *Johnson* rule is substantive because it "decides the meaning of a criminal statute enacted by Congress," *Bousley*, 523 U.S. at 620, and it "prohibit[s] a certain category of punishment for a class of defendants because of their status or offense." *Saffle*, 494 U.S. at 494.

The Seventh Circuit has held that *Johnson* announced a "substantive" rule, because "[i]n deciding that the residual clause is unconstitutionally vague, the Supreme Court prohibited 'a certain category of punishment for a class of defendants because of their status.'" *Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015) (quoting *Saffle*, 494 U.S. at 494); *see also Best v. United States*, No. 15-2417, slip op. at 1–2 (7th Cir. Aug. 5, 2015) (relying on *Price* to authorize a successive collateral attack in a career offender case because movant had made a prima facie showing that *Johnson* announced a new rule of constitutional law that the Supreme Court has made retroactive).

The Eleventh Circuit has held that *Johnson* announced a "substantive" rule because it "narrow[ed] the scope of [section] 924(e) by interpreting its terms, specifically, the term violent

felony," and "narrowed the class of people who are eligible for an increased sentence under the Armed Career Criminal Act." *In re Rivero*, __ F.3d __, 2015 WL 4747749, at *2 (11th Cir. Aug. 12, 2015) (internal quotation marks and citations omitted). The court stated in *dicta* that if the movant, "like the petitioner in *Bousley* - were seeking a first collateral review" of his career offender sentence, "the new substantive rule from *Johnson* would apply retroactively." *Id.* at *4.

The government has conceded that the rule announced in *Johnson* is substantive and thus retroactive, *see* Gov't's Resp. to Appellant's Mot. at 4-5, *United States v. Imm*, Nos. 14-4809, 14-4810 (3d Cir. Aug. 6, 2015), and that the Supreme Court has "made" the rule retroactive, *see*, *e.g.*, Response to Application at 11-15, *Price v. United States*, 795 F.3d 731 (7th Cir. July 14, 2015) (No. 15-2427); Joint Emergency Mot., *United States v. Striet*, No. 15-72506 (9th Cir. Aug. 12, 2015); Joint Mot. at 7-8, *United States v. Jackson*, No. 15-8098 (10th Cir. Sept. 3, 2015); Joint Emergency Mot., *In re Scott*, No. 15-291 (4th Cir. Sept. 9, 2015); Gov't's Resp. to Petitioner's Request to File Successive Mot. Under 28 U.S.C. § 2255, *Wilson v. United States*, No. 15-2942 (8th Cir. Sept. 11, 2015).

The conclusion that *Johnson* applies retroactively to cases on collateral review is further supported by the fact that the Supreme Court granted *certiorari* for the purpose of vacating and remanding in light of *Johnson* in eight cases involving collateral attacks, four in which the prisoner had been sentenced under the advisory guidelines, *see Denson v. United States*, 135 S. Ct. 2931 (2015) (2015) (vacating *Denson v. United States*, 569 F. App'x 710 (11th Cir. 2014) (affirming denial of § 2255 motion); *Beckles v. United States*, 135 S. Ct. 2928 (2015) (2015) (vacating *Beckles v. United States*, 579 F. App'x 833 (11th Cir. 2014) (same); *Wynn v. United States*, 135 S. Ct. 2945 (2015) (vacating order in *Wynn v. United States*, No. 13-4167 (6th

Cir. Oct. 10, 2014) (same); *Jones v. United States*, 135 S. Ct. 2944 (2015) (vacating order in *United States v. Jones*, No. 14-2882 (3d. Cir. Feb. 20, 2015) (denying certificate of appealability to appeal denial of § 2255 motion),[10] and four in which the prisoner had been sentenced under the ACCA, *see Nipper v. Pastrana*, 135 S. Ct. 2946 (2015) (vacating *Nipper v. Warden*, 597 F. App'x 581 (11th Cir. 2015) (affirming denial of § 2241 habeas corpus petition); *Coney v. Pastrana*, 135 S. Ct. 2943 (2105) (vacating *Coney v. Warden*, 579 F. App'x 848 (11th Cir. 2014) (same); *Aiken v. Pastrana*, 135 S. Ct. 2940 (2015) (vacating *Aiken v. Warden*, 595 F. App'x 953 (11th Cir. 2014) (same); *Lynch v. United States*, 135 S. Ct. 2942 (2015) (vacating order in *Lynch v. United States*, No. 14-14016E (11th Cir. Jan. 16, 2015) (denying certificate of appealability to appeal denial of § 2255 motion).

Finally, two cases pending before the Supreme Court on petitions for certiorari (*Jones v. United States*, No. 15-8629, and *Beckles v. United States*, No. 15-8544) each present the question whether *Johnson* announced a new substantive rule of constitutional law that applies retroactively on collateral review to challenges of sentences imposed under the residual clause of the career offender guideline, § 4B1.2.

### C. This motion is timely under 28 U.S.C. § 2255(f)(3).

This motion is timely under 28 U.S.C. § 2255(f)(3), which provides for a one-year limitations period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

---

10 In the vacated order, the Third Circuit mistakenly states that Jones claimed that the conviction at issue "does not qualify as a crime of violence under the Armed Career Criminal Act," but Jones was sentenced under the career offender guideline. *See* Appellee's Resp. to Order, at 2, No. 14-2882 (Sept. 14, 2015) ("The sentence was based on application of the career offender provision, U.S.S.G. § 4B1.1.").

11

Mr. Buckner's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in *Johnson* – a ruling that established a "substantive rule that has retroactive effect in cases on collateral review."[11] Thus, Mr. Buckner respectfully requests that this Court grant his § 2255 motion, vacate his current sentence, and re-sentence him.

Due to time constraints, counsel cannot, at this time, fully brief the issues presented in this petition.   Nonetheless, counsel may ask for leave to supplement this petition at a later time.

Respectfully submitted,

*/s/ Brocca L. Morrison*
BROCCA L. MORRISON
Assistant Public Defender
1010 Market Street - Suite 200
St. Louis, Missouri   63101
Telephone: 314 241 1255
Fax: 314 241 3177
E-Mail: Brocca_Morrison@fd.org

ATTORNEY FOR PETITIONER

---

[11] *Welch v. United States,* 136 S. Ct. 1257, 1265 (2016).

## **CERTIFICATE OF SERVICE**

      Assistant Federal Public Defender Brocca L. Morrison certifies that on this 23rd day of June, 2016, she filed Petitioners Motion to Correct Sentence electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the office of the United States Attorney.

                                  */s/ Brocca L. Morrison*
                                  BROCCA L. MORRISON
                                  Assistant Federal Public Defender